NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 1 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROSANNA FATIMAH SAFFAIE, | No. 16-56752 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-03472-FFM |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Frederick F. Mumm, Magistrate Judge, Presiding

Submitted April 9, 2018**
Pasadena, California

Before: SCHROEDER and M. SMITH, Circuit Judges, and DRAIN,*** District Judge.

Plaintiff-Appellant Rosanna Saffaie appeals the magistrate judge's decision

affirming the Defendant-Appellee Acting Commissioner of Social Security's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

denial of her application for disability insurance benefits under Title II of the Social Security Act.[1]

We review *de novo* the district court's affirmance of the Commissioner's final decision. *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse the magistrate judge's decision with instructions to remand this matter to the ALJ for further proceedings.

1.     The ALJ's failure to consider Saffaie's 2013 medical records from treating sources Dr. Michael Minehart, Dr. Hugh Gelabert, and Dr. Lin G. LeMay and these physicians' diagnosis of Complex Regional Pain Syndrome (CRPS) was not harmless error as found by the magistrate judge. An ALJ's error is harmless when it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citations omitted). The Administration has specific guidelines for the evaluation of CRPS for purposes of disability determination. *See* SSR 03-02p. The ALJ's failure to analyze Saffaie's CRPS diagnosis in accordance with SSR 03-02p was not a harmless error because it is not "clear from the record that [the] ALJ's error was inconsequential to the ultimate nondisability determination." *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (citation and internal quotation marks omitted). The

---

[1] The parties consented to proceed before the magistrate judge pursuant to 28 U.S.C. § 636(c).

ALJ's decision was therefore not supported by substantial evidence. *See Revels v. Berryhill*, 874 F.3d 648, 654, 662-69 (9th Cir. 2017).

2.	The ALJ did not provide clear and convincing reasons to reject Saffaie's testimony concerning her symptoms and functional limitations because he failed to consider her testimony in light of her CRPS diagnosis and SSR 03-02p. *See Revels*, 874 F.3d at 666-67. The ALJ's non-disability determination was based in large part on the "great weight" he afforded to the one-time consultative examination of Dr. Michael S. Wallack, which occurred prior to Saffaie's 2013 CRPS diagnosis. Dr. Wallack opined that Saffaie was exaggerating her symptoms and that she had full range of motion in her extremities. However, SSR 03-02p advises that "conflicting evidence in the medical record is not unusual in cases of [CRPS] due to the transitory nature of its objective findings and the complicated diagnostic process involved." *Id.* It was reversible error for the ALJ not to account for these features of Saffaie's diagnosed impairment in evaluating her testimony.

3.	The ALJ also erred in rejecting the lay testimony of Saffaie's husband, Steven Cuellar, and her chiropractor, Bruce Holmes. SSR 03-02p expressly states that third-party information from family members and medical practitioners such as chiropractors is often critical in deciding an individual's credibility.

3	16-56752

4. As to Cuellar, the ALJ erred in failing to provide express reasons for discrediting his testimony. Our precedents provide that where a lay source's statement essentially duplicates a claimant's testimony, the ALJ's rejection of the claimant's subjective statements carries over to the lay source's statement. *See Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 693-94 (9th Cir. 2009). Because the ALJ erred in his reasoning for rejecting Saffaie's testimony, he likewise erred in his reasoning for rejecting her husband's testimony.

5. With regard to Holmes, the ALJ erred in failing to discuss Holmes's treatment records as required by 20 C.F.R. § 404.1527(f)(1). Additionally, the ALJ erred in affording minimal weight to Holmes's residual functional capacity assessment because it conflicted with Dr. Wallack's opinion and Saffaie's description of her activities of daily living. In analyzing this conflict, the ALJ again failed to account for the unique features of CRPS described in SSR 03-02p.

We therefore reverse the judgment of the magistrate judge and remand to the ALJ for further proceedings consistent with this memorandum disposition.

**REVERSED; REMANDED WITH INSTRUCTIONS.**